IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MAHMOUD ELDICK, #20126-017** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 5:11cv43-DCB-JMR**

**UNITED STATES OF AMERICA, et al.** **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on March 16, 2011. As directed, Petitioner filed a Response [3] on April 19, 2011, providing additional information concerning his request for habeas relief. Upon review of the Petition [1] and Response [3], along with the applicable case law, the Court has reached the following conclusions.

**I. Background**

On November 17, 2003, Petitioner was convicted of health care fraud and dispensing a controlled substance, by the United States District Court for the Northern District of Florida. *See United States v. Eldick*, 1:02-cr-38 (N.D. Fla. Nov. 17, 2003). Petitioner was sentenced to serve 180 months in the custody of the Bureau of Prisons. *Id.* Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court in May of 2010. *Id.*

Petitioner claims that he is unconstitutionally imprisoned because 18 U.S.C. § 3231, which establishes that federal district courts have jurisdiction over criminal offenses, was not properly enacted. Therefore, the district court did not have jurisdiction to convict and sentence him and the Bureau of Prisons does not have the authority to incarcerate him. Specifically,

Petitioner claims that "the 1947 vote on the Bill was without quorum, in violation of the quorum clause of the Constitution." Pet. [1] at 2. As relief, Petitioner is asking this Court to overturn his conviction, expunge his criminal history and immediately release him from custody. *Id*. at 8.

## II. Analysis

Initially, the Court notes that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)(citations omitted). As the Fifth Circuit has observed "[a] petition for a writ of habeas corpus pursuant to section 2241 is not a substitute for a motion under section 2255." *Pack*, 218 F.3d at 452 (internal quotations and citation omitted). Petitioner's claim that the district court was without jurisdiction to convict him of a crime and sentence him to a term of imprisonment, clearly attacks the validity of his federal conviction and sentence.[1] Since any alleged constitutional violations regarding the jurisdiction of the sentencing court would have "occurred

---

[1] Numerous sentencing courts have entertained identical challenges to the validity of 18 U.S.C. § 3231, although ultimately finding the claim to be frivolous. *See Laroque v. United States,* No. 2:05-cv-104, 2007 WL 1652260, *2 (D.N.D. June 7, 2007)(denying relief under § 2255 stating, "[t]he Court's research shows other pro se petitioners have made this exact argument. All Courts, no less than eighteen, have held the contention is frivolous."); *see also, e.g.*, *United States vs. Risquet,* 426 F.Supp. 2d 310, 311-12 (E.D. Pa. 2006)(denying a defendant's repeated *pro se* motions to dismiss his indictment for drug distribution charges, finding "the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding.").

during or before sentencing," such claims are not the properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.).  The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Eldick bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner contends that jurisdictional claims can be raised at any time and have "no procedural block or time bar."  Pet. [1] at 3.  Petitioner relies in part on a purported memorandum from the Director of the Bureau of Prisons, Harley G. Lappan, to support his claim for habeas relief.[2]  However, Petitioner's claims are clearly not "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that was  "foreclosed by circuit law at the time when the claim should have been raised

---

[2]The referenced memorandum discusses challenges to the validity of 18 U.S.C. § 3231 in relation to the BOP's administrative remedy program.

in the petitioner's trial, appeal or first § 2255 motion" as required to proceed under the savings clause. *Reyes-Requena*, 243 F.3d at 904. Therefore, since Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See DeCarlo v. Hollingsworth*, No. 10-481, 2010 WL 5135883, at *2 (S.D. Ill. Dec. 10, 2010)(determining that a § 2241 petition could not be maintained based on the argument that 18 U.S.C. § 3231 has not been properly enacted into law); *see also Campbell v. Gonzalez*, No. 07-cv-36, 2007 WL 1035021, at *4 (E.D. Ky. Mar. 29, 2007)("Since the current challenge that the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948, there is little likelihood that any petitioner raising such a claim can meet this inadequate or ineffective standard.").

### III. Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause." Therefore, this Petition for habeas relief shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction. *See Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  23rd     day of June, 2011.

 s/David Bramlette                                           
UNITED STATES DISTRICT JUDGE